**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **MARCUS SWAYNE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:19-CV-196 (MTT)** |
| | ) | |
| | ) | |
| **EQUIFAX, INC.,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>ORDER</u>

Plaintiff Marcus Swayne has moved to proceed in forma pauperis. Doc. 2. As discussed below, the Plaintiff's motion to proceed IFP (Doc. 2) is **GRANTED**, and the Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** pursuant to the Prison Litigation Reform Act.[1]

## I. DISCUSSION

Motions to proceed IFP are governed by the PLRA, specifically 28 U.S.C. § 1915(a), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[2] that the person is unable to pay such fees or give security therefor.

---

[1] Accordingly, the Plaintiff's motion for summary judgment (Doc. 3) is **DENIED as moot**.

[2] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.2 (11th Cir. 2004).

When considering a motion to proceed IFP filed under § 1915(a), the Court must first determine whether the Plaintiff is unable to pay court costs and fees and is therefore a pauper under § 1915, and then determine whether the claim asserted is frivolous or malicious. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985).

## A. Financial Status

To show poverty, a plaintiff need not show in the affidavit that he is "absolutely destitute." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks and citation omitted). Instead, "[s]uch an affidavit will be held sufficient if it represents that the [plaintiff], because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* (quotation marks and citation omitted). However, this statute "should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (internal quotation marks and citation omitted). Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. 2014) (internal quotation marks and citations omitted). The district court is given wide discretion to decide IFP cases and should grant the privilege sparingly, especially in civil cases for damages. *Martinez*, 364 F.3d at 1306 (citation omitted).

In this case, the Plaintiff has submitted an affidavit showing that he is unable to pay the court fees. In his motion to proceed IFP, the Plaintiff states that he receives a monthly income in the amount of $1,500, with his spouse earning a monthly income of

$1,600, for a total household income of $3,100.00 per month.[3]  Doc. 2 at 1-2.  The

Plaintiff's apparent household gross annual income of $38,000 is above the federal

poverty guideline for a household of two, which is currently $16,910.[4]  The Plaintiff does

not expect any major changes to his household income during the next twelve months.

*Id.* at 2.

Nonetheless, to determine indigent status, the Court must also compare the

Plaintiff's assets and liabilities.[5]  *See Thomas v. Chattahoochee Judicial Circuit*, 574 F.

App'x 916, 917 (11th Cir. 2014) (citation omitted) (holding that a court must compare the

applicant's assets and liabilities to determine whether the poverty requirement has been

satisfied because an annual income exceeding the poverty guideline is "insufficient" on

its own as a reason to deny an IFP motion).  The Plaintiff's financial affidavit shows

assets of a home, valued at $140,000; a 2009 Ford F150, valued at $3,000; and a 2015

Toyota Highlander valued at $2,500.  Doc. 2 at 3.  The Plaintiff's household monthly

expenses, including the mortgage payment, utilities, maintenance, food, and insurance,

are between $3,300 and $3,400.[6]  *Id.* at 4-5.

---

[3] The Plaintiff initially indicated an average monthly income of $18,000 for himself and $20,000 for his spouse.  Doc. 2 at 1.  The Plaintiff then indicates in subsequent sections of his affidavit that his and his spouse's monthly incomes are $1,500 and $1,600, respectively.  *Compare* Doc. 2 at 1 *with* Doc. 2 at 2.  In Part IV of the financial affidavit, the Plaintiff lists his spouse's monthly income at $2,000 per month.  Doc. 2 at 2.  Liberally construed in a light most favorable to the Plaintiff, the $3,100 per month figure is used to assess the Plaintiff's IFP motion.

[4] The federal poverty guidelines can be found at https://aspe.hhs.gov/poverty-guidelines.

[5] The assets and liabilities attributed to the Plaintiff in this Order contain the amounts listed with respect to the Plaintiff and the Plaintiff's spouse included on the financial affidavit.

[6] The Plaintiff asserts a total of $3,380 in monthly expenses.  Doc. 2 at 5.  However, after adding the individual expenses, the Court determined that the mathematical total of the itemized list is $3,305.  *See id.*

It appears the Plaintiff's household monthly expenses exceed the household monthly income. Accordingly, having read and considered the Plaintiff's financial affidavit, the Court concludes the Plaintiff is unable to pay the costs and fees associated with this lawsuit, and his motion to proceed IFP (Doc. 2) is **GRANTED**.

## B. Frivolity Review

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (internal quotation marks, alterations, and citation omitted). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim upon which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 934 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[7] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing

---

[7] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (internal quotation marks and citations omitted).

*Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  However, because the Plaintiff is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (internal quotation marks and citation omitted).  But "[d]espite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading."  *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

The Plaintiff alleges that the Defendant has "willingly, knowingly, intentionally, or voluntarily agreed and acquiesced through its non-response to the facts stated in the Conditional Acceptance/Affidavits sent, and is therefore in default under the contract."  Doc. 1 at 4.  The Plaintiff also alleges, without going into any further detail, that the Defendant "has also admitted to the data breach which has affected and injured [Plaintiff] personally."  *Id.*  The Plaintiff brings the claim under diversity and states that this is a product liability claim.  Doc. 1-1 at 1.  The Plaintiff is seeking "$75,000,000" and "triple damages, punitive damages[,] and all court costs."  Doc. 1 at 5.

Even when liberally construed, the Plaintiff's complaint is frivolous.  *See Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citations omitted) ("A claim is frivolous if it is without arguable merit either in law or in fact.").  The Plaintiff alleges no facts to indicate how, or to what degree, the Plaintiff was injured, how the Defendant caused injuries totaling $75,000,000, or what injuries were incurred.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Furthermore, it appears the Court lacks subject matter jurisdiction. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Johansen v. Combustion Eng'g, Inc.,* 170 F.3d 1320, 1328 n.4 (11th Cir. 1999). The Plaintiff alleges that subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332. Doc. 1 at 3. Section 1332 grants subject matter jurisdiction to a district court in a civil case where the parties are "citizens of different States" and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." While the Plaintiff requests damages exceeding $75,000, there is no diversity between the parties. The Plaintiff is a citizen of Georgia, and the Defendant is a Georgia corporation with its principal place of business in Georgia. Docs. 1 at 1-2; 1-1; *see Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (holding that a corporation's citizenship for diversity purposes includes the state of incorporation and its principal place of business, or "the nerve center"). This Court thus lacks jurisdiction to hear the Plaintiff's case.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). Accordingly, the Plaintiff's complaint is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915(e) and for the reasons set forth above, the Plaintiff's Motion to Proceed IFP is **GRANTED**, and his complaint (Doc. 1) is **DISMISSED without prejudice**. Additionally, the Plaintiff's motion for summary judgment (Doc. 3) is **DENIED as moot**.

**SO ORDERED,** this 13th day of June, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT